UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAUREN PARKER,<br><br>           Plaintiff,<br><br>    v.<br><br>TRANSUNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and CREDIT ONE BANK N.A.,<br>           Defendants. | Case No. 22-cv-01731<br><br>Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Lauren Parker asserts claims against Defendant Credit One for alleged violations of the Fair Credit Reporting Act ("FCRA"), the Truth in Lending Act ("TILA"), the Equal Credit Opportunity Act ("ECOA"), and the Fair Debt Collections Practices Act ("FDCPA"). [1]. Plaintiff also asserts claims against credit reporting agency defendants TransUnion, Experian, and Equifax (collectively, "the CRAs") for alleged violations of the FCRA and the FDCPA. *Id.* Credit One moves to dismiss all claims, [19]; the CRAs move for judgment on the pleadings on all claims, [36]; [51].[1] For the reasons stated herein, the Court grants Credit One's motion to dismiss with prejudice as to certain claims, and without prejudice as to others. The Court also grants the CRAs' motion for judgment on the pleadings.

---

[1] Defendants Experian and Equifax originally filed the motion for judgment on the pleadings, [36], in which TransUnion later joined, [51].

I.   **Factual Allegations**[2]

Plaintiff formerly held a credit card account with Defendant Credit One. In its communications with Plaintiff, Credit One "did not provide full disclosure" with regard to a "finance charge." *Id.* ¶ 14. In addition, Plaintiff "had not been receiving notice" of matters about which, in Plaintiff's estimation, federal statute required disclosure. *Id.* ¶ 16.[3]

On June 28, 2021, Plaintiff sent a certified mail letter to Credit One, "disputing the alleged debt and requesting refund of payment be returned via check." *Id.* ¶ 15.

At some point, Credit One closed Plaintiff's account without her permission. *Id.* ¶¶ 17, 19; (The Complaint does not specify whether this took place before or after Plaintiff sent her letter).

Later, Midland Credit Management Inc. ("Midland") claimed that it had acquired the Credit One debt for collection purposes.[4] *Id.* ¶ 18. On June 28, 2021 (the same date Plaintiff sent a letter to Credit One), Plaintiff mailed an "affidavit" to Midland "requesting debt validation and to 'cease and desist' communication." *Id.* ¶ 21.

---

[2] The Court takes as true the allegations made in the Complaint for purposes of the motion to dismiss.

[3] The Complaint fails to specify the nature of the information which Plaintiff finds lacking, simply citing 15 U.S.C. § 1666b, which requires creditors to adopt reasonable notification procedures before deeming payments late.

[4] Although the Complaint alleges that Credit One "operates a nationwide defaulted debt collection business," and "attempts to collect, directly or indirectly, defaulted debts from consumers in virtually every state," the allegations elsewhere make clear that Credit One was the original creditor, while Midland was the third-party debt collector. [1] ¶ 13. Plaintiff previously settled her claim with Midland. *See* [39].

2

Midland furnished and continues to furnish "inaccurate representations" to the CRAs. *Id.* ¶ 23. Plaintiff has, on multiple occasions, disputed the alleged debt with the CRAs. *Id.* ¶ 24. Experian and Midland continue to furnish information that is "inaccurate and unreportable" to Plaintiff's consumer report. *Id.* ¶ 25. In August and September 2021, Plaintiff mailed "affidavits," "notices of default," and "notices of dishonor" to Midland and the CRAs. *Id.* ¶¶ 26–27. Since then, "TransUnion and Equifax have deleted the account" from Plaintiff's consumer report "due to Midland being unable to validate the debt and/or identity theft." *Id.* ¶ 29.

As a result of "Defendants' conduct, actions and/or inactions," Plaintiff suffered damages of the following sorts: "loss of time due to Plaintiff's attempts to correct the inaccurate information; loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials." [1] ¶ 30. She also suffered "certified mail expenses and other frustration and aggravation associated with writing dispute letters," and "time and money expending [sic] tracking the status of her disputes, monitoring her credit file." *Id.* ¶ 35.

Asserting that Defendants' actions were "willful, deliberate, intentional, and/or with reckless disregard for the interests and right of Plaintiff," the Complaint demands an award of punitive damages. *Id.* ¶ 36.

## II. Credit One's Motion to Dismiss

Defendant Credit One moves to dismiss all claims against it.

3

### A. Standard of Review

Courts construe pro se complaints liberally. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). Nonetheless, to survive a motion to dismiss, a plaintiff, whether pro se or represented, must plausibly allege facts sufficient to substantiate the elements of a claim. Indeed, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, a complaint must provide fair notice to defendants of the nature of the claim. *See Twombly*, 550 U.S. at 555 ("Fed. R. Civ. P. 8(a)(2) requires only a short and plain statement of a claim showing that the pleader is entitled to relief, in order to give a defendant fair notice of what the claim is and the grounds upon which it rests." (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

Where a complaint fails to state a claim, courts generally give leave to amend. *See* Fed. R. Civ. P. 15(a) (stating that leave to amend should be given freely). But district courts nonetheless "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

### B. Analysis

Although styled as a single count, the Complaint alleges that Credit One violated several federal statutes. The Court considers Plaintiff's allegations pursuant to each statutory scheme in turn.

#### 1. Fair Credit Reporting Act

Plaintiff alleges that Credit One violated several provisions of the FCRA, 15 U.S.C. § 1681 *et seq*. The only subsection Plaintiff cites that gives rise to a private cause of action, however, is § 1681s-2(b), which requires furnishers of credit information, upon receipt of notice from a CRA of an alleged inaccuracy, to conduct a reasonable investigation and report the result of that investigation back to the CRA. *See* 15 U.S.C. § 1681s-2(c); *Purcell v. Bank of America*, 659 F.3d 622, 623 (7th Cir. 2011).

To allege a viable § 1681s-2(b) claim, Plaintiff must plead sufficient facts to render plausible a claim that Plaintiff notified the CRAs regarding an alleged inaccuracy, triggering the furnishers' duty to investigate. *Jackson v. Experian Info. Solutions, Inc.*, No. 15-cv-11140, 2016 WL 2910027, at *3 (N.D. Ill. May 19, 2016); *Westra v. Credit Control*, 409 F.3d 825, 827 (7th Cir. 2005).

The Complaint states that on "multiple occasions Plaintiff disputed the alleged debt with Experian, Equifax, and Transunion." [1] ¶ 24. The nature of the dispute(s) she raised, however, remains a mystery. In various parts of the Complaint, Plaintiff suggests that Credit One should not have furnished information relating to: (1) late payments; (2) the closure of her account; and possibly, (3) any information regarding

5

her account at all.[5] But she never suggests that the payments were not late, that her account was not closed, or that any other information furnished by Credit One was otherwise inaccurate. Instead, she deems this information "unreportable" for various reasons that appear entirely unsupported by law.

Plaintiff has not plausibly pled that an inaccuracy exists, much less that she reported any specific inaccuracy or inaccuracies to the CRAs and that Credit One in turn failed to investigate.

Thus, Plaintiff fails to state a claim under this section. The Court dismisses her FCRA allegations without prejudice.

### 2. Fair Debt Collection Practices Act

The Complaint contains a section headed "Violations of 15 USC § 1692 (Against Credit One Bank & Midland Credit Management)." [1] at 6. But the paragraphs that follow only allege actions by Midland and contain no allegations regarding Credit One. Thus, Plaintiff does not state a claim against Credit One under the FDCPA. Nor could she amend to do so, for the FDCPA governs third-party debt collectors, not creditors collecting their own debt. *See* 15 U.S.C. § 1962(a)(6); *Schlaf v. Safeguard*

---

[5] For example, Plaintiff points to 15 U.S.C. § 1681a(2)(A)(i), which defines "consumer reports," for purposes of the FCRA, as not including any "report containing information solely as to transactions or experiences between the consumer and the person making the report." *Id.* ¶ 46. From this provision she gleans that all transactions between customers and creditors are unreportable. But that suggestion defies reason; the cited language simply indicates that FCRA does not purport to regulate that category of information. Further, FCRA's provisions regarding consumer reports apply to CRAs, not furnishers of credit information such as Capital One. Thus, "the statute is not even potentially applicable." *See Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449 (7th Cir. 2015). Plaintiff also suggests that "there is no law stating that the closure of an account by someone other than the consumer can be lawfully reported to a consumer reporting agency." [1] ¶¶ 53–54. To the contrary, the FCRA assumes that closures and delinquencies will be reported and requires that furnishers specify if a consumer voluntarily initiated a closure. *See* 15 U.S.C. § 1681s-2(a)(4)–(5).

6

*Property, LLC*, 899 F.3d 459, 466 (7th Cir. 2018) (the FDCPA's "substantive provisions apply only to debt collectors"; creditors, thus, are not subject to the FDCPA "as long as they are collecting their own debt in their own name and their 'principal purpose' as an entity is not debt collection."); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) ("A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all.").

Plaintiff, in response to the motion to dismiss, argues that "Credit One is not the Original Creditor," because "Banks cannot loan money," and Plaintiff "extended" her credit card to Credit One and "then Credit One turned around and alleged" Plaintiff owed a debt." [26] ¶ 10. Further, "I sold them my credit and they sold the contract." *Id.*

Plaintiff appears to misapprehend the fundamentals of credit and debt. Nonetheless, it remains clear that the dispute centers on an account she held with Credit One, which Credit One closed without her permission. Thus, Credit One was, in fact, the original creditor. As a result, Plaintiff cannot maintain an FDCPA claim against Credit One. To the extent she seeks to allege one in her complaint, the Court dismisses it with prejudice.

### 3. Equal Credit Opportunity Act

The Equal Credit Opportunity Act bans discrimination against any applicant, with respect to any aspect of a credit transaction, on various bases—race, color, religion, national origin, sex or marital status, age, reliance on public assistance, or

because an applicant has in good faith exercised any right under the Consumer Credit Protection Act. *See* 15 U.S.C. § 1691(a).

To state a claim under the ECOA, a plaintiff must plausibly allege that she was an applicant and was treated less favorably for one of the enumerated reasons. *See Walton v. First Merchs. Bank*, 772 Fed. Appx. 349, 350–51 (7th Cir. 2019). Plaintiff has not done so here. It is unclear whether Plaintiff constituted an "applicant" under the statutory definition, *see* 15 U.S.C. § 1691a(b) (defining "applicant" as someone seeking "an extension, renewal, or continuation of credit"). And critically, Plaintiff has not alleged that Credit One discriminated against her for any reason, much less an actionable reason. The Complaint's only allegations which reference the ECOA describe Credit One's decision to cancel an existing account without Plaintiff's permission. [1] ¶ 19. The Court thus dismisses this claim without prejudice.

### 4. Truth in Lending Act

Plaintiff also alleges that Credit One has violated the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, a statute which requires meaningful disclosure of credit terms. Two of the Complaint's allegations appear to relate to the TILA: first, that "Credit One did not provide full disclosure in regard to finance charge," and thus owes Plaintiff a refund, [1] ¶ 14; and second, that Credit One engaged in "unauthorized use" of Plaintiff's credit account when it closed the account without her permission, *id.* ¶ 19.

The TILA exposes creditors to penalties for failure to disclose finance charges accurately. *See id.* § 1640(a). Plaintiff alleges, in a single sentence of the Complaint, that "Credit One did not provide full disclosure in regard to finance charge." [1] ¶ 14. This conclusory allegation lacks the factual detail necessary to state a plausible claim under federal pleading standards. *See* Federal Rule of Civil Procedure 8(a). The Court thus dismisses this portion of Plaintiff's claim without prejudice.

Plaintiff also argues that Credit One's cancellation of her account constituted "unauthorized use" in violation of another TILA provision: § 1643. But § 1643 has no bearing whatsoever on Credit One's decision to cancel the account—by its plain terms, that section limits the liability of credit card holders when a credit card is used "by a person other than the cardholder who does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit." 15 U.S.C. § 1602(p). Plaintiff has not alleged that she was improperly charged for an unauthorized use of her credit card account; instead, she appears to assert that the closure of her account *was in and of itself* an unauthorized use, not by a third party but by Credit One. The Court rejects Plaintiff's implausible reading of the statute and dismisses any claim based upon this theory with prejudice.

For all of these reasons, the Count dismisses all claims against Credit One—with prejudice as to certain theories and without prejudice as to others, as explained above.

9

### III. The Credit Reporting Agencies' Motion for Judgment on the Pleadings, [36]

Defendants Experian, Equifax, and Transunion (collectively, "the CRAs") move for judgment on the pleadings under Rule 12(c) as to Plaintiff's claims against them, [36]. The Court set a briefing schedule, [39], but Plaintiff did not respond to Defendants' motion. The Court thus rules without the benefit of Plaintiff's input.

#### A. Standard of Review

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) ("The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same."). When a plaintiff moves for judgment on the pleadings, "the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). Thus, to succeed, the moving party "must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). As with a motion to dismiss, the Court views all facts and inferences in the light most favorable to the non-moving party. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993).

B.   Analysis

Plaintiff alleges that Midland furnished inaccurate information to the CRAs, [1] ¶ 23; that she disputed the alleged debt with the CRAs on multiple occasions, *id.* ¶ 24; and that Experian continues to "furnish information that is inaccurate and unreportable to Plaintiff's consumer report," *id.* ¶ 25. Unlike Experian, TransUnion and Equifax have "deleted the account from Plaintiffs consumer reports due to Midland being unable to validate the debt and/or identity theft." *Id.* ¶ 28. Based upon these allegations, she asserts that all three CRAs have violated the FCRA. While the Complaint does not explicitly say as much, the Court construes the allegations as a claim for violation of the FCRA's reinvestigation requirements. *See* 15 U.S.C. § 1681i.

Seventh Circuit precedent specifies that "inaccurate" information means *factually* inaccurate information. *Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020). *Legal* disputes regarding a particular debt fall outside the CRAs investigatory obligations. *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 566 (7th Cir. 2021). Here, the CRAs contend that Plaintiff has not sufficiently alleged that her credit reports contained *factually* inaccurate information. The Court agrees.

Plaintiff asserts that the closure of her Credit One account and the transfer of her debt to Midland violated the law. Her claims against the CRAs appear to stem from these allegations, but she does not allege any specific inaccuracies in the CRAs' reporting. She does not suggest, for example, that any CRA reported that her debt had been transferred when it had not in fact been transferred, nor that any CRA

11

reported that her account was closed when it had not in fact been closed. That Plaintiff finds the fact of the transfer and the fact of the closure objectionable does not transform the *reporting* of that transfer or closure into an inaccuracy within the meaning of the FCRA.

As alleged, the Complaint fails to state a claim against the CRAs and thus, judgment on the pleadings is appropriate. By failing to respond, Plaintiff has waived any argument to the contrary.

### IV.  Conclusion

The Court grants Credit One's motion to dismiss, [16], and dismisses all claims as to this Defendant. The dismissal is without prejudice as to Plaintiff's FCRA, ECOA, and, in part, TILA claims. If, consistent with her obligations under Federal Rule of Civil Procedure 11, Plaintiff can amend her allegations to correct the deficiencies described above, she may file an amended complaint against Credit One by October 31, 2023. If she fails to file an amended complaint by this date, the Court will dismiss the case as to Credit One. The Court grants the CRA Defendants' motion for judgment on the pleadings [36] and directs the Clerk to enter judgment in favor of those defendants and against Plaintiff on her FCRA claim.

Dated:  September 27, 2023                             Entered:

                                                        *[signature]*
                                                        John Robert Blakey
                                                        United States District Judge